## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## KEY WEST DIVISION

CASE NO.:

CHRISTOPHER SMILGIN,

    Plaintiff,

vs.

EOS HOSPITALITY LLC,
a Foreign Limited Liability
Company,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER SMILGIN ("Mr. Smilgin" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, EOS HOSPITALITY LLC ("Defendant" or "EOS"), and in connection therewith states as follows:

1. Plaintiff brings this action for disability discrimination and retaliation based on disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Plaintiff is seeking damages including back pay, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages and his attorneys' fees and costs.

## PARTIES

3. Plaintiff is an adult individual who, at all times relevant, worked for Defendant in Monroe County, Florida.

4. EOS is a foreign limited liability company organized under the laws of the State of Delaware that is registered to do business in the State of Florida and that operates and conducts substantial business in Monroe County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff is or was, at all times relevant, a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled employee who suffered discrimination and harassment because of his disability by Defendant; and

    b. Plaintiff was discriminated against and suffered adverse employment action, and was subjected to an increasingly hostile work environment, and ultimately forced discharge, as a result of his disability, his requests for reasonable accommodation for same, and his objections to the discrimination.

6. Defendant was at all material times an "employer" as defined by the ADA and by § 760.02(7), Fla. Stat., as it employed in excess of fifteen (15) employees.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101, *et seq*.

8. This Court has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same set of operative facts and circumstances as his ADA claims.

9. Plaintiff worked for Defendant in Key West, Monroe County, Florida, and therefore the proper venue for this case is the Key West Division of the Southern District of Florida.

## **CONDITIONS PRECEDENT**

10. On or about October 31, 2023, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR").

11. On or about December 27, 2023, Plaintiff submitted to the EEOC and FCHR his Amended Charge of Discrimination, clarifying the identity of his actual former employer, EOS.

12. On April 11, 2024, The EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within ninety (90) days of his receipt of the same.

13. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

15. All conditions precedent to this action have been satisfied and/or waived.

## **FACTUAL ALLEGATIONS**

16. Mr. Smilgin worked for EOS as Food and Beverage Director at its Oceans Edge Resort in Key West, Florida, from September 1, 2021, until January 12, 2023.

17. On November 18, 2022, Mr. Smilgin disclosed to his General Manager at Oceans Edge Resort, Tom Elwood, that he suffers a disability, alcoholism.

18. At that time, Mr. Smilgin asked EOS for the reasonable, non-burdensome accommodation of being permitted to attend Alcoholics Anonymous ("AA") morning meetings, which convened at 8:00 a.m.

19. On January 2, 2023, Mr. Smilgin arrived at work at 6:30 a.m., made sure everything was properly prepared for the morning breakfast shift, and went to his 8:00 a.m. AA meeting.

20. As Mr. Smilgin was on his way back to EOS's premises, at approximately 8:45 a.m., a subordinate Food and Beverage Manager, Cynthia Sutton, called Mr. Smilgin and demanded to know where he, her Supervisor, had been.

21. Later that day, Ms. Sutton ranted at Mr. Smilgin in front of EOS Director of Finance Sarah Ferguson about him suffering a disability, and about him attending AA meetings, and accused Mr. Smilgin, her superior, of somehow neglecting his managerial duties.

22. At one point during her tirade, Ms. Sutton made disparaging remarks about Mr. Smilgin making his sobriety too high of a priority, and even went so far as to say that he "shouldn't be attending AA meetings."

23. Ms. Ferguson remained silent during Ms. Sutton's unhinged discriminatory outburst.

24. When Mr. Smilgin asked Ms. Sutton what duties of his that she felt he had neglected, Ms. Sutton was unable to pinpoint any.

25. In the following days, Ms. Sutton gossiped with any who would listen about Mr. Smilgin, his sobriety, and his participation in AA meetings, and badmouthed Mr. Smilgin repeatedly.

26. Mr. Smilgin objected to EOS Vice President of Food and Beverage Albert Rothman that EOS's actions and statements violated, *inter alia*, the ADA and the FCRA, and made him outstandingly uncomfortable.

27. Mr. Smilgin reminded Mr. Rothman that he had begun attending AA meetings with Mr. Elwood's approval.

28. However, the discrimination based on disability continued, Mr. Rothman never got back to Mr. Smilgin about his objections to EOS's violations of the ADA and the FCRA, and it became clear that EOS would not be changing its discriminatory ways.

29. Therefore, on January 12, 2023, realizing that EOS's discrimination was, if anything, worsening rather than improving, Mr. Smilgin reluctantly resigned from EOS.

30. No reasonable person would have done otherwise.

31. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for its actions.

32. EOS discharged Mr. Smilgin owing to his disabilities and his objections to the discrimination based on disability to which EOS subjected him.

33. The timing of Plaintiff's disclosure of his disabilities, his requests for accommodation, and his objections to the discrimination, and EOS's discharge of Plaintiff, creates a close temporal proximity between the events.

34. Mr. Smilgin's health condition is considered a protected disability under the ADA.

35. Plaintiff was qualified to perform the essential functions of the position, but EOS believed that due to his disability, Plaintiff could not continue employment with Defendant.

36. The ADA and the FCRA require an employer to provide its disabled employees with reasonable accommodation, if such reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship.

37. Defendant failed to accommodate Plaintiff's disability and related symptoms.

38. Defendant's actions are the exact type of unfair employment practices that the ADA and the FCRA were intended to prevent.

39. Defendant lacked a good faith basis for its actions.

40. The facts surrounding Plaintiff's discharge create a strong inference of disability discrimination and retaliation in violation of the ADA and the FCRA.

41. EOS was aware of Mr. Smilgin's ADA- and FCRA-protected medical condition and his need for accommodation.

42. Defendant, however, being well aware of Plaintiff's disability, discriminated against Plaintiff for requiring and requesting reasonable accommodation for same, and discharged Plaintiff in retaliation for his requests for accommodation and his objections to EOS's discrimination.

43. Mr. Smilgin is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of the Food and Beverage Director position, and had been serving EOS and its customers effectively and loyally.

44. Reasonable accommodation would have permitted Mr. Smilgin to perform his job duties, and would have imposed no undue hardship on Defendant.

45. In the alternative, Defendant perceived/regarded Plaintiff as disabled based on the disclosure of his medical condition, and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

46. Defendant's reason for discharging Plaintiff is direct evidence of its intent to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA.

47. Defendant's discharge of Plaintiff constitutes an adverse action as defined by the ADA.

48. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties with or without reasonable accommodation.

49. Despite the availability of a reasonable accommodation under the ADA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, would not be, and had not previously been prevented by his medical condition from completing the assigned job duties, Defendant discriminated against Plaintiff based on his disability and need for medical treatment/accommodation, and discharged Plaintiff in retaliation for his requests for accommodation and his objections to the discrimination.

50. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the ADA.

51. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

52. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

53. Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

54. Any reason provided by Defendant for its discharge of Plaintiff is a pretext and cover-up for illegal discrimination and retaliation.

55. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, he is a member of a protected class as envisioned by the ADA and the FCRA.

56. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was discharged, because of his disability and/or "perceived disability."

57. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

58. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

59. As a result of Defendant's unlawful, discriminatory, and retaliatory discharge of Plaintiff, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

60. Plaintiff has suffered damages as a result of Defendant's conduct, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

61. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

62. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-61 of the Complaint, above, as if fully set forth in this Count.

63. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

64. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

65. Defendant unlawfully discharged Plaintiff based on his medical condition and disability, and/or perceived disability, and his requests for accommodation.

66. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

67. The conduct of Defendant was so willful, wanton, and in reckless disregard of the

statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

68. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT II- DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

69. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-61 of the Complaint, above, as if fully set forth in this Count.

70. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

71. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

72. Defendant unlawfully discharged Plaintiff based on his medical condition and disability, and/or perceived disability, and his requests for accommodation.

73. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

74. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, in order to deter it, and others, from such conduct in the future.

75. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT III
### RETALIATION UNDER THE ADA
### BASED ON DISABILITY

79. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 61 of the Complaint, above, as if fully set forth in this Count.

80. Plaintiff was discharged within close temporal proximity of his disclosure of his disability, his requests for accommodation, and his objections to Defendant's discriminatory statements and actions.

81. Plaintiff's disclosures, his requests for accommodation, and his objections to Defendant's discrimination constituted protected activity under the ADA.

82. Plaintiff was discharged as a direct result of his disclosures, his requests for accommodation for his disability, and his objections to Defendant's discrimination.

83. Plaintiff's disclosures, requests for accommodation, and objections and his discharge are causally related.

84. Defendant's stated reasons for Plaintiff's discharge are a pretext.

85. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

88. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

89. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 61 of the Complaint, above, as if fully set forth in this Count.

90. Plaintiff was discharged within close temporal proximity of his disclosure of his disability, his requests for accommodation, and his objections to Defendant's discriminatory statements and actions.

91. Plaintiff's disclosures, his requests for accommodation, and his objections to Defendant's discrimination constituted protected activity under the FCRA.

92. Plaintiff was discharged as a direct result of his disclosures, his requests for reasonable accommodation for his disability, and his objections to Defendant's discrimination.

93. Plaintiff's disclosures, requests for accommodation, and objections and his discharge are causally related.

94. Defendant's stated reasons for Plaintiff's discharge are a pretext.

95. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

96. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

97. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

98. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 9th day of May, 2024.

                                             Respectfully Submitted,

                                             *By:* ***/s/ Noah E. Storch***
                                             Noah E. Storch, Esq.
                                             Florida Bar No. 0085476
                                             RICHARD CELLER LEGAL, P.A.
                                             10368 W. State Rd. 84 Suite 103
                                             Davie, FL 33324
                                             Telephone: (866) 344-9243
                                             Facsimile: (954) 337-2771
                                             E-mail: noah@floridaovertimelawyer.com

                                             *Attorneys for Plaintiff*